**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Flores, | No. CV-22-08070-PCT-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| County of Yavapai, et al., | |
| Defendants. | |

This case was filed on April 23, 2022, by counsel for Plaintiff. Thus, under Federal Rule of Civil Procedure 4(m), service was due in 90 days or by July 22, 2022. However, counsel submitted this case to the Court's electronic filing system on a Saturday, so perhaps counsel did not consider it to be "filed" until the next business day, Monday, April 25, 2022, thereby making service due July 25, 2022.

On July 25, 2022, Plaintiff's counsel moved for an extension of time to serve. In this motion, counsel for Plaintiff cited controlling Ninth Circuit law and argued that he had shown good cause to extend the time to serve. (Doc. 4). The Magistrate Judge to whom this case was referred granted an extension of time to serve until August 24, 2022. (Doc. 5).

Counsel failed to serve Defendants. As a result, on December 21, 2022, this Court issued an order to show cause why this case should not be dismissed for failure to serve. (Doc. 6). Counsel filed a response, the totality of which is:

Plaintiff, through Counsel Undersigned, files the following Response to Court's Order to Show Cases regarding failure to serve Defendants.

> For several months after this case was filed, Counsel lost contact with Plaintiff. As such, Counsel was not sure if Plaintiff still wanted to pursue this case. As such, Counsel did not serve the complaint due to this loss of contact. However, just recently Counsel learned that Plaintiff had been deported and was able to speak with Plaintiff from Mexico. Plaintiff has indicated that he wants to take this matter forward, and as such Plaintiff and his Counsel asks the Court for an additional (60) sixty days in which to complete service on Defendants.

(Doc. 7).

Although counsel's prior motion shows counsel familiarity with the law in this area, notably counsel's response to the order to show cause makes no effort to cite or apply that law. Specifically, to extend time to serve,

> There are "two avenues for relief[]" under Rule 4(m) (*see Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)). "The first is mandatory[.]" *Id.* (citation and footnote omitted). Based upon the plain language of that Rule, "the district court **must** extend time for service upon a showing of good cause." *Id.* (citation and footnote omitted). "The second is discretionary [.]" *Id.* (citation omitted). Notwithstanding Rule 4(m), "if good cause is not established, the district court **may** extend time for service upon a showing of excusable neglect." *Id.* (citation omitted).
>
> Engaging in the "two-step analysis" which the Ninth Circuit "requires[,]" the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id.* (citation omitted).

*Trueman v. Johnson*, CV 09-2179-PHX-RCB, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011) (emphasis added).

To establish good cause, a plaintiffs must show 1) excusable neglect; 2) the party to be served received actual notice of the suit; 3) the party to be served would suffer no prejudice; and 4) plaintiff would suffer severe prejudice if the complaint were dismissed. *Id*. Here, Plaintiff cannot show good cause. Specifically, Plaintiff makes no argument or showing that the party to be served received actual notice of the suit. Therefore, the mandatory basis for extending time to serve is not met. Thus, the Court will consider whether to extend time to serve in its discretion.

> In the absence of good cause, the court must proceed to the second step of the analysis, and decide whether, in its discretion, to extend the prescribed time for service of the FAC. The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D.Hawai'i

1    Aug.18, 2011) (quoting *In re Sheehan*, 253 F.3d at 513 (citation omitted)).

2    *Id.* at *5.

3    While the trial court's discretion to extend time is broad, that discretion is not

4    limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). As stated above, to

5    discretionarily extend time to serve, the Court must find excusable neglect. *Trueman,* 2011

6    WL 6721327 at *5 (citing *Lemoge,* 587 F.3d at 1197 (citation omitted) (emphasis added)

7    ("[I]f good cause is not established, the district court *may* extend time for service upon

8    a *showing* of *excusable neglect.*")). "To determine whether a party's failure to meet a

9    deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test...."

10   *Id.*

11        [The] four factor equitable test requires, at a minimum, examination
12   of: "(1) the danger of prejudice to the opposing party; (2) the length of the
     delay and its potential impact on judicial proceedings; (3) the reason for the
13   delay; and (4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d
     at 1261. Those four enumerated factors are "not an exclusive list[,]"
14   however. *Lemoge*, 587 F.3d at 1195 (internal quotation marks and citation
     omitted). "In some circumstances, the prejudice a denial would cause to the
15   movant must also be considered, but it is not a fact that must be assessed in
     each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d
16   1072, 1092 (9th Cir. 2010) (internal quotation marks and citation omitted).

17   *Id.* at *6.

18   Here, the Court's ability to assess the factors is hampered by the fact that Plaintiff

19   failed to address any of the factors. Nonetheless, the Court will endeavor to consider the

20   factors.

21   At this point, there is a danger of prejudice to the opposing party in that Plaintiff

22   advised the Court in the first motion for extension of time that he filed his case on the two-

23   year-anniversary of the incident that gives rise to the case. By the time Plaintiff's additional

24   request for extension of time to serve runs, the incident will have been approximately 3

25   years ago. Memories fade and Defendants may not have preserved evidence they would

26   have otherwise kept this far after the statute of limitations. Thus, this factor weighs against

27   granting an extension.

28   Next, this case would be almost a year old by the time Plaintiff's requested

additional time to serve runs.  This is an extraordinary delay to serve Defendants in this case because Defendants are a local government and other government officials.  In other words, there was no reason these Defendants could not be easily located, and perhaps even willing to waive service.  Further, only the Court issuing an order to show cause prompted any action by Plaintiff, which is causing a use of court resources due to Plaintiff and Plaintiff's counsel's neglect.  Thus, this factor weighs against granting an extension.

Regarding the reason for the delay, the reason for the first extension appeared to be financial.  (Doc. 4).  While the Court will not second guess the extension of time granted by the Magistrate Judge, the Court does question why Plaintiff could not attempt to serve by waiver, rather than seek an extension because of the expense of a process server.  The second reason for delay appears to be caused by circumstances that counsel has failed to fully explain.  (Doc. 7).  Counsel does not explain when in the last 7 months he last had contact with his client, or why he could not file a motion seeking more time within those seven months.  Further counsel does not explain why, if he has had recent contact with his client, it took a show cause order from the Court to cause him to take any action in this case.  Thus, this factor weighs against granting an extension.

Regarding good faith, counsel makes no argument regarding whether he and his client were acting in good faith, however, the Court also has no basis to find bad faith.  This factor weighs neither for nor against granting an extension.

Finally, considering prejudice to the movant, the Court finds the movant would suffer prejudice if this case were dismissed without prejudice because of the statute of limitations issue.  (*See* Doc. 4 (Plaintiff discussing that this case was filed on the last day of the statute of limitations)).  This factor weighs in favor of granting an extension of time to serve.  However, that prejudice alone, in this Court's exercise of its discretion, does not justify the failure to serve the complaint or even seek an extension of time to serve the complaint, in the amount of time that has elapsed in this case.

Thus, having considered both the mandatory avenue for extending time under Federal Rule of Civil Procedure 4(m) and the discretionary avenue for extending time

under 4(m), the Court finds Plaintiff has failed to show either good cause or excusable neglect.  Therefore,

**IT IS ORDERED** withdrawing the reference to the Magistrate Judge as to this entire case.

**IT IS FURTHER ORDERED** that the motion for extension of time to serve (Doc. 7) is denied.

**IT IS FURTHER ORDERED** that this case is dismissed, without prejudice, for failure to timely serve and the Clerk of the Court shall enter judgment accordingly.

Dated this 19th day of January, 2023.

James A. Teilborg
Senior United States District Judge